# EXHIBIT A

JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
Attorneys for Plaintiff
jacobsbarbone@comcast.net

**RECEIVED**

JUL 2 4 2013

**L & P LEGAL CR**

---

| | |
|---|---|
| DR. JAMES MICHAEL KAUFFMAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CIVIL PART ATLANTIC COUNTY |
| Plaintiff, | |
| v. | DOCKET NO. ATL-L-3404-13 |
| TRANSAMERICA LIFE INSURANCE COMPANY, as successor-by-merger with TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, | Civil Action |
| | **SUMMONS** |
| Defendants. | |

**From the State of New Jersey**

To the Defendant(s) Named Above:     **TRANSAMERICA LIFE INSURANCE CO.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

*FAX rec'd 7/23/13 3:35pm*

If you cannot afford an attorney, you may call the Legal Services statewide hotline number at 1-888-LSNJ-LAW (1-888-576-5529) or the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Elisabeth Ann Strom*

Elisabeth Ann Strom, Acting Clerk

Dated: July 17, 2013

**Name of Defendant to be served:**        **Transamerica Life Insurance Company**
**Address of Defendant to be served:**      **4333 Edgewood Road NE**
                                            **Cedar Rapids, Iowa 52499**

ATLANTIC COUNTY:                            LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 345-3444
Civil Division, Direct Filing               LEGAL SERVICES
1201 Bacharach Boulevard, First Flr         (609) 348-4200
Atlantic City, NJ 08401

BERGEN COUNTY:                              LAWYER REFERRAL
Deputy Clerk of the Superior Court          (201) 488-0044
Case Processing Section, Room 119           LEGAL SERVICES
Justice Center, 10 Main Street              (201) 487-2166
Hackensack, NJ 07601-0769

BURLINGTON COUNTY:                          LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 261-4862
Central Processing Office                   LEGAL SERVICES
Attn: Judicial Intake                       (800) 496-4570
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

CAMDEN COUNTY:                              LAWYER REFERRAL
Deputy Clerk of the Superior Court          (856) 964-4520
Civil Processing Office                     LEGAL SERVICES
1st Floor, Hall of Records                  (856) 964-2010
101 S. Fifth Street
Camden, NJ 08103

CAPE MAY COUNTY:                            LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 463-0313
9 N. Main Street                            LEGAL SERVICES
Box DN-209                                  (609) 465-3001
Cape May Court House, NJ 08210

CUMBERLAND COUNTY                           LAWYER REFERRAL
Deputy Clerk of the Superior Court          (856) 692-6207
Civil Case Management Office                LEGAL SERVICES
Broad & Fayette Streets, P.O. Box 615       (856) 451-0003
Bridgeton, NJ 08302

2

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court - Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.L. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

3

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

4

JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
Attorneys for Plaintiff
jacobsbarbone@comcast.net

RECEIVED and
FILED

JUN 26 2013

ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| DR. JAMES MICHAEL KAUFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, as successor-by-merger with TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CIVIL PART<br>ATLANTIC COUNTY<br><br>DOCKET NO. ATL-L- 3404 -13<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff Dr. James Michael Kauffman, complaining against Defendant, says:

## NATURE OF THE ACTION

1.     This is an action for a declaratory judgment and breach of contract concerning the meaning and intent of certain terms in two (2) life insurance policies of which Plaintiff is the beneficiary and owner. The policies state "We will pay any benefit payable because of death when we receive due proof of the Insured's death while this policy was in force." In this matter, the insured was the victim of an apparent homicide. Despite the fact that Plaintiff has provided Defendant with a certified death certificate, Defendant refuses to grant Plaintiff's claim for death benefits until it receives a "complete copy of the police report" related to the insured's death. There are no provisions in the policies which would indicate that a police report is necessary in the

event of a homicide, nor are there any provisions in the policies relating to homicide in general.

**JURISDICTION AND VENUE**

2.      Venue properly lies in Atlantic County, New Jersey. Defendants are insurance companies doing business in Atlantic County, New Jersey by providing life insurance policies to individuals living in Atlantic County. Defendant did, upon information and belief, issue two (2) life insurances policies to April Christine Kauffman, a resident of Atlantic County. Plaintiff, also a resident of Atlantic County is the owner and beneficiary of the aforementioned policies.

**PARTIES**

3.      Plaintiff Dr. James Michael Kauffman is the beneficiary and owner of two life insurance policies purchased by the insured April Christine Kauffman. He resides at 2 Woodstock Drive, Linwood, New Jersey 08221. Mr. Kauffman is a resident of Atlantic County, New Jersey as was April Christine Kauffman at the time she was issued the aforementioned life insurance policies by the Defendant.

4.      Defendant Transamerica Life Insurance Company, as successor-by-merger with Transamerica Occidental Life Insurance Company (hereinafter "Transamerica Life") is an Iowa corporation with its principal place of business located at 4333 Edgewood Road NE, Cedar Rapids, Iowa. Among other things, Transamerica Life is in the business of selling life insurance and annuity contracts. Transamerica Life's direct parent corporation is Transamerica International Holdings, Inc, (hereinafter "Transamerica International") which is a direct subsidiary of Aegon USA, LLC. Transamerica Life, Transamerica International, and Aegon USA, LLC are not publicly

2

traded. Defendant does business within the State of New Jersey by issuing life insurance policies to New Jersey residents, including individuals residing within Atlantic County, New Jersey.

## FACTUAL ALLEGATIONS

5.    On or about December 28, 1999, April Christine Kauffman purchased a life insurance policy (#41765743) through Defendant in the face amount of $100,000.00. This policy was issued on February 28, 2000. The policy states that Defendant "will pay any benefit payable because of death when we receive due proof of the Insured's death while this policy was in effect." There are no provisions in the policy relating to homicide. Exhibit A

6.    Sometime during the beginning of 2008, April Christine Kauffman purchased a life insurance certificate (#42473574) through Defendant in the face amount of $500,000. This certificate was issued on March 14, 2008. The policy states that Defendant "will pay any benefit payable because of death when we receive due proof of the Insured's death while this policy was in effect." There are no provisions in the policy related to homicide. Exhibit B.

7.    On or about May 10, 2012, Plaintiff's wife, April Kauffman died, an apparent homicide victim, within the residence she shared with Plaintiff located at 2 Woodstock Drive, Linwood, New Jersey 08221. Exhibit C.

8.    On or about May 15, 2012, Defendant contacted Plaintiff by letter.

Please accept our condolences for your loss. In order to file a claim on the above listed policy/certificate, please submit the following items below:

- Claimant's Statements completed and signed by the beneficiary, James Kauffman – husband

3

- Obituary, if available
- Original certificated death certificate which lists the cause and/or manner of death (not a photocopy)
- Original policy/certificate for surrender
- HIPAA Authorization – sign and date and keep a copy
- Police Report

We cannot reach a claims decision until (1) the fully completed claim form and enclosed requirements are received and reviewed in our administrative office; and (2) any necessary investigation is completed.

Exhibit D.

9.    On or about July 30, 2012, Plaintiff's counsel contacted Defendant by letter, stating that Plaintiff wished to make a claim for death benefits. Enclosed along with this letter were completed copies of each of the requested documents except the "Police Report". Exhibit E.

10.   On or about August 8, 2012, Defendant contacted Plaintiff's counsel by letter, thanking him for the submission of documents regarding policy #42473574 and certificate #41765743. The letter listed the "Claim Number" as #"205110297520/21" and stated the following:

In order to proceed with claim handling, please provide a complete copy of the police report and any additional documents/reports regarding the manner of death

Exhibit F.

11.   Plaintiff, through his counsel, contacted the Atlantic County Prosecutor's Office to obtain a copy of the Police Report on his wife's death. Because the investigation was ongoing, the Office was unable to provide Plaintiff (or anyone not directly participating in the investigation) with a copy of said document.

4

12.    On or about March 5, 2013, Defendant contacted Plaintiff's counsel by letter, stating the following:

> A review of your file indicates we have not received the requirements needed.
>
> To process this claim we still require:
>
> - Complete copy of the police report and any additional documents/reports regarding the manner of death.

Exhibit G.

13.    On or about April 15, 2013, Plaintiff, through his counsel, contacted Defendant and requested documentation that the insurance policies required a complete copy of a police report in the event that the insured died of a homicide. Specifically, plaintiff requested all documentation, contractual or otherwise, relating to the aforementioned insurance policies. Plaintiff was advised by Defendant that it could not supply Plaintiff with the aforementioned documents, but would provide Plaintiff with "specimen documents" which would answer Plaintiff's inquiries as to whether or not a complete Police Report was a prerequisite when filing a claim for death benefits when the insured has been the victim of a homicide. Plaintiff advised Defendant to forward those documents.

14.    On or about April 17, 2013, Defendant contacted Plaintiff's counsel by email, stating the following:

> Here are the two specimen policies you asked for. In discussing this matter with other colleagues I discovered that our company requesting a copy of the complete police report for a homicide is pursuant with state laws. It is not something that will be in the contract.

Exhibit H.

5

15.    There is no requirement under New Jersey law that a police report must be furnished to a life insurance company in the event of an insured's homicide in order for death benefits to be paid to the beneficiary of the insured's life insurance policy.

<u>COUNT 1</u>

Declaratory Judgment

16.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 as if fully set forth herein.

17.    The parties to this action are the parties who have or who may claim to have an interest that may be affected by the declaration requested.

18.    This action is within the jurisdiction of this Court and Plaintiff is entitled to declaratory judgment pursuant to <u>N.J.S.A.</u> 2A:16-50, <u>et seq.</u>, and <u>R</u>. 4.42-3.

19.    An actual controversy exists between Plaintiff and Defendant, which is justiciable in character, and speedy relief is necessary to preserve the Parties' respective rights.

20.    The conditions set forth for a release of death benefits to Plaintiff pursuant to the terms of the aforementioned life insurance contracts have been satisfied.

21.    A declaratory judgment will resolve the entire dispute between the Parties and save the Parties substantial costs and expenses.

WHEREFORE, Plaintiff Dr. James Michael Kauffman demands declaratory judgment pursuant to <u>N.J.S.A.</u> 2A:16-50, <u>et seq.</u>, and <u>R</u>. 4:42-3 against Defendant and as follows:

6

a.) An Order declaring that the conditions for payment of death benefits to Plaintiff have been satisfied pursuant to life insurance policies to which he is both owner and beneficiary;

b.) Attorney's fees pursuant to R. 4:42-9.

c.) Granting Plaintiff such other relief and further relief as this Court deems just and proper.

## COUNT 2

### Breach of Contract

22.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 21 as if fully set forth herein.

23.   Defendant has engaged in a pattern of conduct resulting in a breach of each and every contractual duty due and owing Plaintiff as beneficiary of the life insurance policies entered into between the insured and Defendant.

24.   Defendant has failed to perform and honor the terms of the life insurance policies entered into between the insured and Defendant.

25.   Defendant has failed to perform in good faith and has dealt unfairly with Plaintiff, proximately causing Plaintiff to suffer economic damages and other injuries.

WHEREFORE, Plaintiff Dr. James Michael Kauffman demands judgment against Defendant as follows:

a.) Compensatory damages;

b.) Consequential damages;

c.) Interest, attorneys' fees pursuant to R. 4:42-9, costs of suit, and

d.) Any other relief the Court may deem equitable and just.

7

## RULE 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify that to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceedings. I know of no other parties that should be joined herein at this time.

Confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

The foregoing statements made by me are true and correct to the best of my knowledge, information and belief and I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

JACOBS & BARBONE, P.A.
Attorneys for Plaintiff

By: _____
Michael F. Myers, Esquire

Dated: June 25, 2013

1125 Pacific Avenue
Atlantic City, New Jersey 08401
Tel: (609) 348-1125
Fax: (609) 348-3774
jacobsbarbone@comcast.net

8



### TRANSAMERICA OCCIDENTAL LIFE ® ™

Transamerica Occidental
Life Insurance Company
1150 South Olive Street
Los Angeles, CA 90015

**POLICY FORM TT30**
Individual Life Insurance

| INSURED | APRIL CHRISTINE | 41765743 | POLICY NUMBER |
|---|---|---|---|
| FACE AMOUNT | $100,000 | FEB 28 2000 | DATE OF ISSUE |

While this policy is in force, Transamerica Occidental Life Insurance Company will pay the death benefit to the Beneficiary if the Insured dies before the policy anniversary nearest the Insured's age 95. All payments are subject to the provisions of this policy.

Signed for the Company at Los Angeles, California, on the date of issue.

*James W. Dedrer*

Executive Vice President, General Counsel
And Corporate Secretary

*Thomas J Curnin*

President and CEO

**Right to Examine and Return Policy Within 10 Days** -- At any time within 10 days after you receive this policy, you may return it to us or the agent through whom you bought it. We will cancel the policy and void it from the beginning. We will refund to you any premiums paid.

Term Insurance to the Policy Anniversary Nearest Age 95
Level Death Benefit Payable at Death Before
the Policy Anniversary Nearest Age 95

See Schedule of Premiums in the Policy Data
for Amount of Premiums

Premiums Level for the First 30 Years
Increasing Annually Thereafter

Premiums Payable During Life of Insured to the
End of the Term Period

Nonparticipating - No Dividends

This policy is a legal contract between you, the Owner of this Policy, and Transamerica Occidental Life Insurance Company.

### READ YOUR POLICY CAREFULLY

### POLICY SUMMARY

We will pay the death benefit to the Beneficiary if the Insured dies while this policy is in force before the policy anniversary nearest age 95.

Premiums are shown in the Schedule of Premiums in the Policy Data and are not subject to change. Premiums are payable during the life of the Insured to age 95.

Additional benefits, if any, are provided by rider.

This is only a brief description. The insurance is fully described in the various provisions of the policy.

### GUIDE TO POLICY PROVISIONS

| | Page |
|---|---|
| Amount of Death Benefit | 4 |
| Application Copy | after 8 |
| Authorization to Make Changes | 6 |
| Assignment of Policy | 3 |
| Beneficiary's Rights | 3,4 |
| Change of Beneficiary | 4 |
| Conversion Option | 5,6 |
| Death Benefit | 4 |
| Definitions | 3 |
| Dividends | 6 |
| Grace Period | 5 |
| Incontestability of the Policy | 6 |
| Misstatement of Age or Sex | 6 |
| Ownership and Beneficiary Provisions | 3,4 |
| Payment of the Death Benefit | 4 |
| Policy Contract | 6 |

| | Page |
|---|---|
| Policy Data | 2 |
| Policy Date | 3 |
| Premiums | 4,5 |
| Proof of Death | 4 |
| Reinstatement | 5 |
| Riders | after 8 |
| Schedule of Premiums | 2A |
| Settlement Provisions | 7 |
| Option A: Instalments for a Guaranteed Period | 7 |
| Option B: Instalments for Life with a Guaranteed Period | 7 |
| Option C: Benefit Deposited with Interest | 7 |
| Option D: Instalments of a Selected Amount | 7 |
| Option E: Annuity | 7 |
| Option A Table | 8 |
| Option B Table | 8 |
| Suicide | 6 |
| Termination of Insurance | 6 |

```
                        P O L I C Y   D A T A


                                        DEC 28 1999  POLICY DATE

      EXPIRY DATE    DEC 28 2059                35  AGE OF INSURED

         INSURED    APRIL CHRISTINE       41765743  POLICY NUMBER

      FACE AMOUNT    $100,000           FEB 28 2000  DATE OF ISSUE

           OWNER    THE INSURED          PREFERRED  CLASS OF RISK
                                        NON-SMOKER
```

THE CHARGE FOR ANY ADDITIONAL BENEFITS WHICH ARE PROVIDED BY RIDER IS SHOWN
BELOW.  ONLY A BRIEF DESCRIPTION IS GIVEN.  THE COMPLETE PROVISIONS ARE
INCLUDED IN THE RIDER.

```
RIDER NUMBER   SCHEDULE OF ADDITIONAL BENEFITS        ANNUAL PREMIUM
------------   -------------------------------        --------------

               NONE                                   NO CHARGE
```

TOTAL FIRST YEAR PREMIUMS (SEE FOLLOWING PAGES FOR PREMIUMS FOR LATER YEARS):

```
    ANNUAL         SEMI-ANNUAL         QUARTERLY         MONTHLY
    $152.00        $79.04              $40.28            * * *
```

1-308 36-298            CONTINUED ON THE FOLLOWING PAGE            PAGE 2

POLICY DATA (CONTINUED)

SCHEDULE OF GUARANTEED MAXIMUM*
ANNUAL PREMIUMS

| POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS | POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS |
|---|---|---|---|
| DEC 28 2000 | $152.00 | DEC 28 2030 | $6,142.00 |
| DEC 28 2001 | 152.00 | DEC 28 2031 | 6,784.00 |
| DEC 28 2002 | 152.00 | DEC 28 2032 | 7,474.00 |
| DEC 28 2003 | 152.00 | DEC 28 2033 | 8,227.00 |
| DEC 28 2004 | 152.00 | DEC 28 2034 | 9,078.00 |
| DEC 28 2005 | 152.00 | DEC 28 2035 | 10,197.00 |
| DEC 28 2006 | 152.00 | DEC 28 2036 | 11,354.00 |
| DEC 28 2007 | 152.00 | DEC 28 2037 | 12,764.00 |
| DEC 28 2008 | 152.00 | DEC 28 2038 | 14,424.00 |
| DEC 28 2009 | 152.00 | DEC 28 2039 | 16,304.00 |
| DEC 28 2010 | 152.00 | DEC 28 2040 | 18,370.00 |
| DEC 28 2011 | 152.00 | DEC 28 2041 | 20,592.00 |
| DEC 28 2012 | 152.00 | DEC 28 2042 | 22,970.00 |
| DEC 28 2013 | 152.00 | DEC 28 2043 | 25,570.00 |
| DEC 28 2014 | 152.00 | DEC 28 2044 | 28,502.00 |
| DEC 28 2015 | 152.00 | DEC 28 2045 | 31,862.00 |
| DEC 28 2016 | 152.00 | DEC 28 2046 | 35,748.00 |
| DEC 28 2017 | 152.00 | DEC 28 2047 | 40,226.00 |
| DEC 28 2018 | 152.00 | DEC 28 2048 | 45,193.00 |
| DEC 28 2019 | 152.00 | DEC 28 2049 | 50,642.00 |
| DEC 28 2020 | 152.00 | DEC 28 2050 | 56,474.00 |
| DEC 28 2021 | 152.00 | DEC 28 2051 | 62,724.00 |
| DEC 28 2022 | 152.00 | DEC 28 2052 | 69,324.00 |
| DEC 28 2023 | 152.00 | DEC 28 2053 | 76,376.00 |
| DEC 28 2024 | 152.00 | DEC 28 2054 | 83,872.00 |
| DEC 28 2025 | 152.00 | DEC 28 2055 | 91,958.00 |
| DEC 28 2026 | 152.00 | DEC 28 2056 | 96,164.00 |
| DEC 28 2027 | 152.00 | DEC 28 2057 | 96,165.00 |
| DEC 28 2028 | 152.00 | DEC 28 2058 | 96,166.00 |
| DEC 28 2029 | 5,550.00 | | |

* THE PREMIUMS SHOWN ABOVE INCLUDE AN ANNUAL FEE OF $70.

**DEFINITIONS**

In this policy:

**We, our** or **us** means Transamerica Occidental Life Insurance Company.

**You** and **your** means the Owner of this policy.

**Administrative Office** means Transamerica Occidental Life Insurance Company, Box 419521, Kansas City, Missouri 64141-6521.

**Age** means the Insured's age on his or her birthday on or immediately prior to the policy date.

The **Beneficiary** is the person to whom we will pay the death benefit if the Insured dies.

**Home Office** means Transamerica Occidental Life Insurance Company, Box 512101, Los Angeles, California 90051-0101.

**Lapse** means termination of the policy at the end of the grace period due to non-payment of premiums.

**Reinstate** means to restore coverage after the policy has lapsed, subject to the requirements in the Reinstatement provision.

A **Rider** is an attachment to the policy that provides an additional benefit.

**Written Request** means a signed request in a form satisfactory to us that is received at our Administrative Office.

We will send any **notice** under the provisions of this policy to your last known address and to any assignee of record.

We will use the **Policy Date** shown in the Policy Data to determine the premium due dates, policy anniversaries and policy years.

**OWNERSHIP**

**Owner of the Policy** -- Only you, the Owner, are entitled to the rights granted under this policy while the Insured is living.  If you are an individual and you die before the Insured, your rights will pass to the executor or administrator of your estate for disposition, unless stated otherwise in this policy. If the Owner is a partnership, the rights belong to the partnership as it exists when a right is exercised.

**Assignment of the Policy** -- We are not responsible for the adequacy of any assignment.  However, if you file the assignment with us and we record it at our Administrative Office, your rights and those of any revocable Beneficiary will be subject to it.

**THE BENEFICIARY**

**Who Receives the Death Benefit** -- If the Insured dies while this policy is in force, we will pay the death benefit to the Beneficiary.  The Beneficiary is as designated in the application, unless changed as shown under "How to Change a Beneficiary" below.   If the Beneficiary is a partnership, we will pay the death benefit to the partnership as it existed when the Insured died.

**Protection of the Death Benefit** -- To the extent permitted by law, no death benefit will be subject to the claims of the Beneficiary's creditors or to any legal process against the Beneficiary.

**If the Beneficiary Dies** -- If any Beneficiary dies before the Insured, that Beneficiary's interest in the death benefit will end. If any Beneficiary dies at the same time as the Insured, or within 30 days after the Insured, that Beneficiary's interest in the death benefit will end if no benefits have been paid to that Beneficiary. If the interest of all designated Beneficiaries has ended when the Insured dies, we will pay the death benefit to you.   If you are not living at that time, we will pay the death benefit to the executor or administrator of your estate.

**How to Change a Beneficiary** -- You may change the designated Beneficiary while the Insured is living by sending a satisfactory written notice to us.  The change will not be effective until we record it at our Administrative Office.  Even if the Insured is not living when we record the change, the change will take effect as of the date it was signed.  However, any benefits we pay before we record the change will not be subject to the change.

A Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary.

## PAYMENT OF THE DEATH BENEFIT

**Proof of Death** -- We will pay any benefit payable because of death when we receive due proof of the Insured's death while this policy was in force.  The proof must be sent to us at our Administrative Office.  We will send appropriate forms to the Beneficiary upon request. Any of our agents will help the Beneficiary fill out the forms without charge.

**Death Benefit** -- The amount of the death benefit is equal to:

|      | (a) | the face amount of this policy, |
| --- | --- | --- |
| plus | (b) | the face amount of any attached rider, subject to its terms, |
| plus | (c) | the amount of any portion of a paid premium which applies to a period beyond the Insured's date of death (excluding any premiums waived under any disability rider attached to this policy), |
| minus | (d) | the amount of any portion of a premium due under the grace period provision. |

The amount of the death benefit may be affected by the Misstatement of Age or Sex provision of this policy.

## PREMIUMS

**Premium** -- To keep this policy in force, each premium must be paid in advance.  Premiums should be sent to our Administrative Office or you may pay them to an agent we authorize.  We will give you a receipt if you ask for one. The first premium is due on the Policy Date.   Subsequent premiums are payable while the Insured is living and within the grace period.  If any premium remains unpaid after the grace period, your policy will lapse.  If a part of the premium ceases to be payable under the provisions of a rider, the premium will be reduced accordingly.   The mode of premium payment may be changed on any policy anniversary to any other mode shown in the Policy Data.

This is nonparticipating insurance; it does not participate in our profits or surplus.

The semi-annual, quarterly and monthly premiums for each policy year will be determined on the same basis used to determine the initial semi-annual, quarterly and monthly premiums.

**Grace Period** –– A grace period of 31 days will be provided for you to pay premiums after the premium due date for each premium after the first premium. We will let you know, by sending a notice to your last known address, that the grace period has begun and that you must pay the premium due before the 31 day grace period has expired. If you do not pay the premium due, your policy will lapse.

During the grace period, we will not charge interest on the premium due. If the Insured dies during the grace period and before you pay the premium, we will subtract from the death benefit the cost of coverage to the date the Insured died.

**Premium Adjustment at Death** –– Any portion of a paid premium which applies to a period beyond the date of the Insured's death will be added to the benefits payable under this policy. Premiums waived under any disability rider attached to the policy will not be included in this adjustment.

**Reinstatement** –– If this policy lapses, it may be reinstated. To reinstate the policy, you must meet the following conditions:

1.    You must request reinstatement in writing within five years after the date of lapse and before the expiry date.

2.    The Insured must still be insurable by our standards.

3.    The following amounts must be paid:

    a.  One twelfth of the annual premium at the time of lapse; and
    b.  The premium due at the time of reinstatement.

The effective date of any reinstatement will be the date of your request. If a person other than the Insured is covered by any attached rider, that person's coverage will be reinstated under the terms of this provision.

**CONVERSION OPTION**

While this policy is in force and before the policy anniversary nearest the Insured's age 70, this policy may be converted, subject to all conditions stated herein, to a plan of whole life, endowment or flexible premium, universal life insurance which we make available at the time the conversion is requested. Evidence of insurability will not be required for the new policy for the same, or lower, face amount at the time the request for conversion is made. At least one plan of insurance will be available.

The conversion is also subject to the following conditions:

1.   We must receive the written request no later than 30 days after the policy anniversary nearest the Insured's age 70.

2.   Unless you request otherwise, the policy date of the new policy will be the date we receive your application for conversion accompanied by the first premium, or the policy anniversary nearest the Insured's age 70, whichever is earlier.

3.   The face amount of the new policy may be for an amount up to the face amount of this policy at the time the request for conversion is made, but not less than our then published minimum for the plan selected.

4.   If the conversion is exercised within 2 years from the earlier of the policy date or issue date of the original policy, the contestability and suicide provisions will apply to the new policy for the balance of that 2 year period.

5.  Premiums for the original policy must be paid to the date of conversion. The premium for the new policy will be at our published rate for the plan selected at the time of conversion. We will use the Insured's age on the date of conversion to determine this rate. The new policy will be issued at the class of risk of this policy, if available. If not, the new policy will be issued at the class of risk for which the Insured would have qualified based on the application for the original policy.

6.  Until the new policy becomes effective, the original policy will continue in force subject to its provisions. The original policy will automatically terminate at the exact time the new policy becomes effective. In no event will we provide insurance under both the original policy and a new policy at the same time.

**GENERAL PROVISIONS**

**Incontestability of the Policy** -- Except for nonpayment of premiums, this policy will be incontestable after it has been in force during the Insured's lifetime for two years from the earliest of the date of issue or the policy date. This provision does not apply to any rider providing benefits specifically for disability or death by accident.

**Amount Payable is Limited in the Event of Suicide** -- If the Insured dies by suicide, while sane or insane, within two years from the earliest of the date of issue or the policy date, we will be liable only for the amount of premiums paid.

**Misstatement of Age or Sex in the Application** -- If there is a misstatement of the Insured's age or sex in the application, we will adjust the death benefit to that which the premiums paid would have purchased at the correct age or sex.

**This Policy is Our Contract with You** -- We have issued this policy in consideration of the application and payment of the premiums. A copy of the application is attached and is part of this policy. The policy, including the application and any endorsements and riders, forms our contract with you. In the absence of fraud, all statements made by or for the Insured will be considered representations and not warranties. We will not use any statement made by or for the Insured to contest a claim unless the statement is in the application and a copy of the application is attached to this policy when we issue or deliver it.

**Who Can Make Changes in the Policy** -- Only our President or a Vice President together with our Secretary have the authority to make any change in this policy. Any change must be in writing.

**Termination of Insurance** -- This policy will terminate at the earliest of:

1.  the date we receive your written request to terminate;

2.  the policy anniversary nearest age 95; or

3.  the date of lapse for nonpayment of premiums.

**No Dividends are Payable** -- This is nonparticipating insurance. It does not participate in our profits or surplus. We do not distribute past surplus or recover past losses by changing the premium rates.

**SETTLEMENT
PROVISIONS**

When the insured dies while the policy is in force, we will pay the death benefit in a lump sum unless you or the Beneficiary choose a settlement option. You may choose a settlement option while the insured is living. The Beneficiary may choose a settlement option after the insured has died. The Beneficiary's right to choose will be subject to any settlement agreement in effect at the insured's death.

When we receive a satisfactory written request, we will pay the death benefit according to one of these options:

**Option A: Instalments for a Guaranteed Period** -- We will pay equal instalments for a guaranteed period of from one to thirty years. Each instalment will consist of part benefit and part interest. We will pay the instalments monthly, quarterly, semi-annually or annually, as requested. See Table A on the last page.

**Option B: Instalments for Life with a Guaranteed Period** -- We will pay equal monthly instalments as long as the payee is living, but we will not make payments for less than the guaranteed period the payee chooses. The guaranteed period may be either 10 years or 20 years. We will pay the instalments monthly. See Table B on the last page.

**Option C: Benefit Deposited with Interest** -- We will hold the benefit on deposit. It will earn interest at the annual interest rate we are paying as of the date of death. We will not pay less than 2 1/2% annual interest. We will pay the earned interest monthly, quarterly, semi-annually or annually, as requested. The payee may withdraw part or all of the benefit and earned interest at any time.

**Option D: Instalments of a Selected Amount** -- We will pay instalments of a selected amount until we have paid the entire benefit and accumulated interest.

**Option E: Annuity** -- We will use the benefit as a single premium to buy an annuity. The annuity may be payable to one or two payees. It may be payable for life with or without a guaranteed period, as requested. The annuity payment will not be less than what our current annuity contracts are then paying.

The payee may arrange any other method of settlement as long as we agree to it. The payee must be an individual receiving payment in his or her own right. There must be at least $10,000 available for any option and the amount of each instalment to each payee must be at least $100. If the benefit amount is not enough to meet these requirements, we will pay the benefit in a lump sum.

We will pay the first instalment under any option on the date of death. Any unpaid balance we hold under Options A, B, or D will earn interest at the rate we are paying at the time of settlement. We will not pay less than 3% annual interest. Any benefit we hold will be combined with our general assets.

If the payee does not live to receive all guaranteed payments under Options A, B, D or E or any amount deposited under Option C, plus any accumulated interest, we will pay the remaining benefit as scheduled to the payee's estate. The payee may name and change a successor payee for any amount we would otherwise pay the payee's estate.

## TABLE A
### Instalments for Each $1,000 Payable under Option A

Multiply the Monthly Instalment by 11.83895 for Annual, by 5.98322 for Semi-Annual, or by 2.99263 for Quarterly Instalments

| Guaranteed Period (Yrs.) | Monthly Instalment | Guaranteed Period (Yrs.) | Monthly Instalment | Guaranteed Period (Yrs.) | Monthly Instalment |
|---|---|---|---|---|---|
| 1 | $84.47 | 11 | $8.86 | 21 | $5.32 |
| 2 | 42.86 | 12 | 8.24 | 22 | 5.15 |
| 3 | 28.99 | 13 | 7.71 | 23 | 4.99 |
| 4 | 22.06 | 14 | 7.26 | 24 | 4.84 |
| 5 | 17.91 | 15 | 6.87 | 25 | 4.71 |
| 6 | 15.14 | 16 | 6.53 | 26 | 4.59 |
| 7 | 13.16 | 17 | 6.23 | 27 | 4.48 |
| 8 | 11.68 | 18 | 5.96 | 28 | 4.37 |
| 9 | 10.53 | 19 | 5.73 | 29 | 4.27 |
| 10 | 9.61 | 20 | 5.51 | 30 | 4.18 |

## TABLE B
### Monthly Instalment for Each $1,000 Payable under Option B

#### Male Payee

| Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | $2.90 | $2.89 | 26 | $3.20 | $3.19 | 41 | $3.77 | $3.71 | 56 | $4.92 | $4.59 | 71 | $7.27 | $5.42 |
| 12 | 2.91 | 2.91 | 27 | 3.22 | 3.21 | 42 | 3.82 | 3.76 | 57 | 5.03 | 4.66 | 72 | 7.48 | 5.45 |
| 13 | 2.93 | 2.92 | 28 | 3.25 | 3.24 | 43 | 3.88 | 3.81 | 58 | 5.15 | 4.73 | 73 | 7.68 | 5.46 |
| 14 | 2.94 | 2.94 | 29 | 3.28 | 3.27 | 44 | 3.94 | 3.86 | 59 | 5.27 | 4.80 | 74 | 7.88 | 5.48 |
| 15 | 2.96 | 2.96 | 30 | 3.31 | 3.30 | 45 | 4.00 | 3.91 | 60 | 5.40 | 4.87 | 75 | 8.08 | 5.49 |
| 16 | 2.98 | 2.97 | 31 | 3.34 | 3.33 | 46 | 4.07 | 3.97 | 61 | 5.53 | 4.94 | 76 | 8.27 | 5.50 |
| 17 | 3.00 | 2.99 | 32 | 3.38 | 3.36 | 47 | 4.14 | 4.02 | 62 | 5.68 | 5.00 | 77 | 8.46 | 5.50 |
| 18 | 3.01 | 3.01 | 33 | 3.41 | 3.39 | 48 | 4.21 | 4.08 | 63 | 5.83 | 5.07 | 78 | 8.63 | 5.51 |
| 19 | 3.03 | 3.03 | 34 | 3.45 | 3.43 | 49 | 4.28 | 4.14 | 64 | 5.98 | 5.13 | 79 | 8.79 | 5.51 |
| 20 | 3.05 | 3.05 | 35 | 3.49 | 3.46 | 50 | 4.36 | 4.20 | 65 | 6.15 | 5.18 | 80 | 8.94 | 5.51 |
| 21 | 3.08 | 3.07 | 36 | 3.53 | 3.50 | 51 | 4.44 | 4.26 | 66 | 6.32 | 5.24 | 81 | 9.07 | 5.51 |
| 22 | 3.10 | 3.09 | 37 | 3.57 | 3.54 | 52 | 4.53 | 4.32 | 67 | 6.50 | 5.28 | 82 | 9.18 | 5.51 |
| 23 | 3.12 | 3.11 | 38 | 3.62 | 3.58 | 53 | 4.62 | 4.39 | 68 | 6.68 | 5.33 | 83 | 9.28 | 5.51 |
| 24 | 3.14 | 3.14 | 39 | 3.67 | 3.62 | 54 | 4.71 | 4.46 | 69 | 6.88 | 5.36 | 84 | 9.36 | 5.51 |
| 25 | 3.17 | 3.16 | 40 | 3.72 | 3.67 | 55 | 4.81 | 4.52 | 70 | 7.07 | 5.40 | 85 | 9.42 | 5.51 |

#### Female Payee

| Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. | Age | 10 Yrs. | 20 Yrs. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | $2.83 | $2.83 | 26 | $3.08 | $3.07 | 41 | $3.54 | $3.52 | 56 | $4.51 | $4.35 | 71 | $6.73 | $5.36 |
| 12 | 2.84 | 2.84 | 27 | 3.10 | 3.10 | 42 | 3.59 | 3.56 | 57 | 4.61 | 4.42 | 72 | 6.94 | 5.40 |
| 13 | 2.86 | 2.85 | 28 | 3.12 | 3.12 | 43 | 3.63 | 3.60 | 58 | 4.71 | 4.50 | 73 | 7.16 | 5.43 |
| 14 | 2.87 | 2.87 | 29 | 3.15 | 3.14 | 44 | 3.68 | 3.65 | 59 | 4.82 | 4.57 | 74 | 7.38 | 5.48 |
| 15 | 2.88 | 2.88 | 30 | 3.17 | 3.17 | 45 | 3.73 | 3.69 | 60 | 4.94 | 4.65 | 75 | 7.60 | 5.47 |
| 16 | 2.90 | 2.90 | 31 | 3.20 | 3.19 | 46 | 3.78 | 3.74 | 61 | 5.06 | 4.72 | 76 | 7.82 | 5.48 |
| 17 | 2.91 | 2.91 | 32 | 3.23 | 3.22 | 47 | 3.84 | 3.79 | 62 | 5.19 | 4.80 | 77 | 8.04 | 5.49 |
| 18 | 2.93 | 2.93 | 33 | 3.26 | 3.25 | 48 | 3.90 | 3.85 | 63 | 5.33 | 4.88 | 78 | 8.25 | 5.50 |
| 19 | 2.95 | 2.94 | 34 | 3.29 | 3.28 | 49 | 3.96 | 3.90 | 64 | 5.47 | 4.95 | 79 | 8.45 | 5.51 |
| 20 | 2.96 | 2.96 | 35 | 3.32 | 3.31 | 50 | 4.03 | 3.96 | 65 | 5.63 | 5.02 | 80 | 8.64 | 5.51 |
| 21 | 2.98 | 2.98 | 36 | 3.35 | 3.34 | 51 | 4.10 | 4.02 | 66 | 5.79 | 5.09 | 81 | 8.82 | 5.51 |
| 22 | 3.00 | 2.99 | 37 | 3.39 | 3.37 | 52 | 4.17 | 4.08 | 67 | 5.96 | 5.16 | 82 | 8.97 | 5.51 |
| 23 | 3.02 | 3.01 | 38 | 3.42 | 3.41 | 53 | 4.25 | 4.14 | 68 | 6.14 | 5.21 | 83 | 9.11 | 5.51 |
| 24 | 3.04 | 3.03 | 39 | 3.46 | 3.44 | 54 | 4.33 | 4.21 | 69 | 6.33 | 5.27 | 84 | 9.23 | 5.51 |
| 25 | 3.06 | 3.05 | 40 | 3.50 | 3.48 | 55 | 4.42 | 4.28 | 70 | 6.53 | 5.32 | 85 | 9.32 | 5.51 |

Ages younger than 11 are the same as shown for age 11, and ages older than 85 are the same as shown for age 85.

## PREMIUM DEPOSIT AGREEMENT
### ENDORSEMENT

Transamerica Occidental Life Insurance Company has issued this endorsement as a part of the policy to which it is attached.

**Deposits** − We will accept deposits for the purpose of paying future premiums on the policy, subject to the provisions of this endorsement. The accumulation of such deposits or any remainder is called "the deposit fund" in this endorsement. Each deposit must be made to us in exchange for an official receipt signed by our President or Secretary. Deposits may be combined with our general assets.

**Limit on Deposits** − Each deposit must be at least $5. The amount of the deposit fund may not exceed the sum of the future premiums for the policy. Any deposits which are not acceptable under this provision will be refunded to the owner of the policy.

**Automatic Premium Payment** − Any premium for the policy which remains unpaid at the end of the grace period will be paid automatically from the deposit fund. If the deposit fund is insufficient to pay such premium, the next smaller premium payable will be paid automatically from the deposit fund. If the deposit fund is insufficient to pay a premium under this provision, the deposit fund will be refunded to the owner of the policy, and the premium for the policy will remain unpaid, subject to the provisions of the policy. Premiums will be paid from the deposit fund before payment is made under any provision for automatic premium loan under the policy.

**Interest** − Interest will be allowed daily from the date of deposit. The interest rate will be that rate determined by us for premium deposit funds. Interest will be compounded annually on the policy anniversary.

**Settlement** − Upon death of the Insured, the deposit fund will be paid in one sum to the owner of the policy, except if the Insured is the owner, the deposit fund will be paid in one sum to the beneficiary of the policy. If the policy is surrendered or is continued under a non-forfeiture option, or if a premium for the policy is waived under any rider providing a waiver of premium benefit, the deposit fund will be paid in one sum to the owner of the policy.

**Withdrawal** − Upon written request to us, the owner of the policy may make withdrawals from the deposit fund. Each withdrawal must be at least $50 except for full withdrawal of the deposit fund. We may defer payment of withdrawals in cash for a period of not more than 90 days or any shorter period required by law.

**Assignment** − No assignment of the rights under this endorsement may be made except in an assignment of the policy. Any assignment of the policy will include the rights under this endorsement unless specifically excluded in such assignment.

Signed for the Company at Los Angeles, California, on the date of issue of the policy unless a different date is shown here.

_Jesus W. Dedrick_

Executive Vice President, General Counsel
And Corporate Secretary

_Thomas J. Cusack_

President and CEO

1-006  11-176

Transamerica Occidental
Life Insurance Company
Home Office: Los Angeles, C∩    **APPLICATION AMENDMENT**

Life Insured: APRIL CHRISTINE

The Application for Policy No.  41765743          is amended as follows:
QUESTION 11 PART 1:  ISSUE TRENDSETTER SUPER 30 PREFERRED
NONSMOKER (6095)

I represent to the best of my knowledge, that since the date of the application for the policy no person to be covered by the policy has, except as stated below,
1.  Had a change in health due to injury or sickness; or
2.  Consulted, been examined or been treated by any physician or practitioner; or
3.  Changed occupation, aviation or military status; or
4.  Had any life or accident and sickness, or medical service benefits declined, modified, cancelled, or been refused issue, renewal or reinstatement of such insurance or benefits; or
5.  Applied for issuance or reinstatement of any insurance providing income during disability or providing hospital or medical expense benefits.
The only exceptions are: (State "none" if there are no exceptions)_____

It is agreed that this amendment shall be part of the application for the policy.

Signed at_____ LINWOOD _____ N.J. _____ on ___ 03-20-00 ___
                        (City, State)                                    Date

Witness to all signatures                              APRIL CHRISTINE

APE 2-185

CERTIFICATE DATA

| | | | |
|---|---|---|---|
| LOAN INTEREST RATE | 7.40% IN ADVANCE | MAR 21 2008 | CERTIFICATE DATE |
| REINSTATEMENT INTEREST RATE | 6.00% | 43 | AGE OF INSURED |
| EXPIRY DATE | MAR 21 2060 | | CERTIFICATE |
| INSURED | APRIL KAUFFMAN | 42473574 | NUMBER |
| FACE AMOUNT | $500,000 | MAR 14 2008 | DATE OF ISSUE |
| SEX OF INSURED | FEMALE | MAR 21 2038 | ENDOWMENT DATE |
| OWNER | JAMES M KAUFFMAN | | |
| | | OCT 27 2034 | LAST DATE TO CONVERT |
| | | PREFERRED PLUS | CLASS OF RISK |

- - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CHARGE FOR ANY ADDITIONAL BENEFITS WHICH ARE PROVIDED BY RIDER IS SHOWN
BELOW.  ONLY A BRIEF DESCRIPTION IS GIVEN.  THE COMPLETE PROVISIONS ARE
INCLUDED IN THE RIDER.

| RIDER NUMBER | SCHEDULE OF ADDITIONAL BENEFITS | ANNUAL PREMIUM* |
|---|---|---|
| ------------ | -------------------------------- | --------------- |
| | NONE | NO CHARGE |

- - - - - - - - - - - - - - - - - - - - - - - - - - -

TOTAL FIRST YEAR PREMIUMS (SEE FOLLOWING PAGES FOR PREMIUMS FOR LATER YEARS):

| ANNUAL | SEMI-ANNUAL | QUARTERLY | MONTHLY |
|---|---|---|---|
| $1,125.00 | $562.50 | $281.25 | * * * |

PREAUTHORIZED CHECK(PAC) PREMIUMS:

| ANNUAL | SEMI-ANNUAL | QUARTERLY | MONTHLY |
|---|---|---|---|
| $1,125.00 | $562.50 | $281.25 | $93.75 |

- - - - - - - - - - - - - - - - - - - - - - - - - - -

2-230 36-106        CONTINUED ON THE FOLLOWING PAGE        PAGE 2

C E R T I F I C A T E   D A T A   ( C O N T I N U E D )

SCHEDULE OF NON-GUARANTEED PREMIUMS
- ANNUAL PREMIUMS -

| CERTIFICATE YEAR BEGINNING | CERTIFICATE EXCLUDING RIDERS | CERTIFICATE YEAR BEGINNING | CERTIFICATE EXCLUDING RIDERS |
|---|---|---|---|
| MAR 21 2009 | $1,125.00 | MAR 21 2035 | $1,125.00 |
| MAR 21 2010 | 1,125.00 | MAR 21 2036 | 1,125.00 |
| MAR 21 2011 | 1,125.00 | MAR 21 2037 | 1,125.00 |
| MAR 21 2012 | 1,125.00 | MAR 21 2038 | 16,680.00 |
| MAR 21 2013 | 1,125.00 | MAR 21 2039 | 19,180.00 |
| MAR 21 2014 | 1,125.00 | MAR 21 2040 | 22,380.00 |
| MAR 21 2015 | 1,125.00 | MAR 21 2041 | 26,180.00 |
| MAR 21 2016 | 1,125.00 | MAR 21 2042 | 30,380.00 |
| MAR 21 2017 | 1,125.00 | MAR 21 2043 | 34,950.00 |
| MAR 21 2018 | 1,125.00 | MAR 21 2044 | 38,410.00 |
| MAR 21 2019 | 1,125.00 | MAR 21 2045 | 41,125.00 |
| MAR 21 2020 | 1,125.00 | MAR 21 2046 | 44,585.00 |
| MAR 21 2021 | 1,125.00 | MAR 21 2047 | 48,305.00 |
| MAR 21 2022 | 1,125.00 | MAR 21 2048 | 53,750.00 |
| MAR 21 2023 | 1,125.00 | MAR 21 2049 | 59,140.00 |
| MAR 21 2024 | 1,125.00 | MAR 21 2050 | 65,910.00 |
| MAR 21 2025 | 1,125.00 | MAR 21 2051 | 73,460.00 |
| MAR 21 2026 | 1,125.00 | MAR 21 2052 | 81,945.00 |
| MAR 21 2027 | 1,125.00 | MAR 21 2053 | 89,890.00 |
| MAR 21 2028 | 1,125.00 | MAR 21 2054 | 98,385.00 |
| MAR 21 2029 | 1,125.00 | MAR 21 2055 | 110,370.00 |
| MAR 21 2030 | 1,125.00 | MAR 21 2056 | 118,215.00 |
| MAR 21 2031 | 1,125.00 | MAR 21 2057 | 129,345.00 |
| MAR 21 2032 | 1,125.00 | MAR 21 2058 | 137,475.00 |
| MAR 21 2033 | 1,125.00 | MAR 21 2059 | 151,755.00 |
| MAR 21 2034 | 1,125.00 | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE DATA (CONTINUED)

SCHEDULE OF GUARANTEED PREMIUMS
- ANNUAL PREMIUMS -

| CERTIFICATE YEAR BEGINNING | CERTIFICATE EXCLUDING RIDERS | CERTIFICATE YEAR BEGINNING | CERTIFICATE EXCLUDING RIDERS |
|---|---|---|---|
| MAR 21 2009 | $1,125.00 | MAR 21 2035 | $1,125.00 |
| MAR 21 2010 | 1,125.00 | MAR 21 2036 | 1,125.00 |
| MAR 21 2011 | 1,125.00 | MAR 21 2037 | 1,125.00 |
| MAR 21 2012 | 1,125.00 | MAR 21 2038 | 30,785.00 |
| MAR 21 2013 | 1,125.00 | MAR 21 2039 | 34,795.00 |
| MAR 21 2014 | 1,125.00 | MAR 21 2040 | 39,270.00 |
| MAR 21 2015 | 1,125.00 | MAR 21 2041 | 44,115.00 |
| MAR 21 2016 | 1,125.00 | MAR 21 2042 | 49,310.00 |
| MAR 21 2017 | 1,125.00 | MAR 21 2043 | 54,930.00 |
| MAR 21 2018 | 1,125.00 | MAR 21 2044 | 61,160.00 |
| MAR 21 2019 | 1,125.00 | MAR 21 2045 | 68,245.00 |
| MAR 21 2020 | 1,125.00 | MAR 21 2046 | 76,395.00 |
| MAR 21 2021 | 1,125.00 | MAR 21 2047 | 85,790.00 |
| MAR 21 2022 | 1,125.00 | MAR 21 2048 | 96,390.00 |
| MAR 21 2023 | 1,125.00 | MAR 21 2049 | 108,080.00 |
| MAR 21 2024 | 1,125.00 | MAR 21 2050 | 120,725.00 |
| MAR 21 2025 | 1,125.00 | MAR 21 2051 | 134,240.00 |
| MAR 21 2026 | 1,125.00 | MAR 21 2052 | 148,605.00 |
| MAR 21 2027 | 1,125.00 | MAR 21 2053 | 163,830.00 |
| MAR 21 2028 | 1,125.00 | MAR 21 2054 | 180,040.00 |
| MAR 21 2029 | 1,125.00 | MAR 21 2055 | 197,355.00 |
| MAR 21 2030 | 1,125.00 | MAR 21 2056 | 216,185.00 |
| MAR 21 2031 | 1,125.00 | MAR 21 2057 | 237,230.00 |
| MAR 21 2032 | 1,125.00 | MAR 21 2058 | 261,975.00 |
| MAR 21 2033 | 1,125.00 | MAR 21 2059 | 293,755.00 |
| MAR 21 2034 | 1,125.00 | | |

```
        C E R T I F I C A T E   D A T A   (C O N T I N U E D)
                     TABLE OF GUARANTEED VALUES
```

| DATE | CASH VALUE | PAID-UP INSURANCE | EXTENDED TERM YEARS | INSURANCE DAYS |
|------|-----------:|------------------:|--------------------:|---------------:|
| MAR 21 2009 | 0.00 | 0 | 0 | 0 |
| MAR 21 2010 | 0.00 | 0 | 0 | 0 |
| MAR 21 2011 | 0.00 | 0 | 0 | 0 |
| MAR 21 2012 | 0.00 | 0 | 0 | 0 |
| MAR 21 2013 | 0.00 | 0 | 0 | 0 |
| MAR 21 2014 | 70.00 | 500 | 0 | 21 |
| MAR 21 2015 | 160.00 | 1,000 | 0 | 42 |
| MAR 21 2016 | 270.00 | 1,500 | 0 | 63 |
| MAR 21 2017 | 405.00 | 2,000 | 0 | 85 |
| MAR 21 2018 | 565.00 | 2,500 | 0 | 107 |
| MAR 21 2019 | 865.00 | 3,500 | 0 | 149 |
| MAR 21 2020 | 1,215.00 | 4,500 | 0 | 189 |
| MAR 21 2021 | 1,610.00 | 5,500 | 0 | 227 |
| MAR 21 2022 | 2,050.00 | 7,000 | 0 | 263 |
| MAR 21 2023 | 3,375.00 | 11,000 | 1 | 30 |
| MAR 21 2024 | 4,860.00 | 15,000 | 1 | 155 |
| MAR 21 2025 | 6,310.00 | 18,500 | 1 | 256 |
| MAR 21 2026 | 7,900.00 | 22,500 | 1 | 351 |
| MAR 21 2027 | 9,620.00 | 26,500 | 2 | 73 |
| MAR 21 2028 | 11,250.00 | 30,000 | 2 | 136 |
| MAR 21 2029 | 12,995.00 | 33,500 | 2 | 192 |
| MAR 21 2030 | 15,100.00 | 37,500 | 2 | 256 |
| MAR 21 2031 | 17,080.00 | 41,000 | 2 | 296 |
| MAR 21 2032 | 18,900.00 | 44,000 | 2 | 314 |
| MAR 21 2033 | 21,095.00 | 47,500 | 2 | 339 |
| MAR 21 2034 | 23,695.00 | 51,500 | 3 | 5 |
| MAR 21 2035 | 27,340.00 | 57,500 | 3 | 63 |
| MAR 21 2036 | 29,925.00 | 61,000 | 3 | 64 |
| MAR 21 2037 | 31,645.00 | 62,500 | 3 | 26 |
| MAR 21 2038 | 33,750.00 | 65,000 | 2 | 364 |
| MAR 21 2039 | 0.00 | 0 | 0 | 0 |

```
        TABLES AND INTEREST RATES USED IN COMPUTATIONS
```

| COMPUTATION | MORTALITY TABLE USED | INTEREST RATE |
|-------------|----------------------|---------------|
| REDUCED PAID-UP | 2001 CSO | 5.00% |
| EXTENDED TERM | 2001 CSO | 5.00% |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**B000553957**

NEW JERSEY DEPARTMENT OF HEALTH AND SENIOR SERVICES

## CERTIFICATE OF DEATH

STATE FILE NUMBER: 20120024916

| 1a. Legal Name of Decedent *(First, Middle, Last Suffix)* | | | | | | LIMB ONLY |
|---|---|---|---|---|---|---|
| April Christine Kauffman | | | | | | ☐ |

1b. Also Known As (AKA) *If Any (First, Middle, Last, Suffix)*

| 2. Sex | 3. Social Security No. | 4a. Age | 5. Date of Birth *(Mo/Day/Yr)* |
|---|---|---|---|
| Female | 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 | 47 Years | 11/27/1964 |

6. Birthplace *(City & State/Foreign Country)*
Atlantic City, New Jersey

| 7a. Residence-State | 7b. County | 7c. Municipality/City |
|---|---|---|
| New Jersey | Atlantic | Linwood City |

| 7d. Street and Number | 7e. Apt. No. | 7f. Zip Code | 7g. Inside City Limits? |
|---|---|---|---|
| 2 Woodstock Drive | | 08221 | Yes |

| 8a. Ever in US Armed Forces? | 8b. If Yes, Name of War | 8c. War Service Dates (From/To): |
|---|---|---|
| No | | |

| 9. Domestic Status at Time of Death | 10. Name of Surviving Spouse/Partner *(Name given at birth or on birth certificate)* |
|---|---|
| Married | James Kauffman |

11. Father's Name *(First, Middle, Last)*

12. Mother's Name Prior to First Marriage *(First, Middle, Last)*
Linda Harrison

| 13a. Name of Informant | 13b. Relationship to Decedent |
|---|---|
| James Kauffman | Spouse |

13c. Mailing Address *(Street and Number, City, State, Zip Code)*
2 Woodstock Drive, Linwood, NJ 08221

| 14. Method of Disposition | 15. Place of Disposition *(name of cemetery, crematory, other)* | 16. Location: City & State/Foreign Country |
|---|---|---|
| Burial | Rodef Shalom Cemetery | Egg Harbor Township, New Jersey |

17. Name and Complete Address of Funeral Facility
Roth-Goldsteins' Memorial Chapel Llc, PO Box 1908 116 Pacific Avenue, Atlantic City, NJ 08404-1908

| 18. Electronic Signature of Funeral Director | 19. License Number |
|---|---|
| Eric S Goldstein | |

| 20. Decedent Education | 21. Decedent of Hispanic Origin? | 22. Decedent Racial |
|---|---|---|
| High school graduate or GED completed | Not Spanish / Hispanic / Latino | White |

| 23. Occupation of Decedent *(Type of work done most of life, even if retired)* | 24. Kind of Business/Industry |
|---|---|
| Philanthropist | Philanthropy |

25. Name and Address of Last Employer

| 26. Date Pronounced Dead *(Mo/Day/Yr)* | 28. Name of Person Pronouncing Death |
|---|---|
| 05/10/2012 | Daniel F Merz |

| 27. Time Pronounced Dead *(24-hr)* | 29. License Number | 30. Date Signed *(Mo/Day/Yr)* |
|---|---|---|
| 1120:00 | 26MB00773200 | 05/10/2012 |

| 31. Date of Death *(Mo/Day/Yr)* | 32. Time of Death *(24-hr)* | 33. Was Medical Examiner Contacted? | 34. Place of Death |
|---|---|---|---|
| 05/10/2012 | Presumed-1129:00 | | Decedent's Home |

35a. Facility Name *(If not institution, give street and number)*

JUL/19/2012/THU 12:56 PM    ATLA` `C ENDOCRIN.        FAX No. 609653  `9              P. 001

Transamerica Life Insurance Company
4333 Edgewood Road NE
Cedar Rapids, IA 52499

# TRANSAMERICA
## LIFE INSURANCE COMPANY

May 15, 2012

JAMES KAUFFMAN
2 WOODSTOCK LANE
LINWOOD NJ. 08221

Insured: April Kauffman
Policy/Certificate Number: 42473574
Claim Number: 205110297520
Date of Death: 5-10-12

Dear Mr. Kauffman:

Please accept our condolences for your loss.  In order to file a claim on the above listed policy/certificate, please submit the items below:

- Claimant's Statement completed and signed by the beneficiary, James Kauffman - husband
- obituary, if available
- original certified death certificate which lists the cause and/or manner of death (not a photocopy)
- original policy/certificate for surrender
- HIPAA Authorization - sign and date and keep a copy
- Police Report

We cannot reach a claims decision until: (1) the fully completed claim form and enclosed requirements are received and reviewed in our administrative office; and (2) any necessary investigation is completed.

A self addressed envelope is enclosed for your convenience.  If we can be of any assistance, please contact us at 800-598-4626.

Sincerely,

Claims Department

cc:    10003 321891

Enclosure(s):Return Envelope
Claimant Statement NAIC
HIPAA Authorization

42473574

an AEGON company

### JACOBS & BARBONE, P.A.

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

EDWIN J. JACOBS, JR.

LOUIS M. BARBONE

ARTHUR J. MURRAY

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
E-MAIL: JACOBSBARBONE@COMCAST.NET

ERIC H. LUBIN

LUCILLE A. BONGIOVANNI

MICHAEL F. MYERS

YOONTEH AHN

July 30, 2012

Transamerica Life Insurance Company
Claims Department
4333 Edgewood Road NE
Cedar Rapids, IA 52499

RE:     Insured: April Kauffman
        Policy/Certificate Number: 42473574
        Claim Number: 205110297520/7521
        Date of Death: 5-10-12
        Our File No. 13,482

To Whom It May Concern:

I am an attorney for Dr. James Michael Kauffman. My client's late wife, April, was the victim of a homicide more than two months ago. At this time, he wishes to make a claim for benefits under the above-captioned policy.

Pursuant to your May 15, 2012 request, I enclose copies of the following on behalf of my client:

  a.  A completed Claimant's Statement;
  b.  Obituary of the deceased;
  c.  A certified death certificate;
  d.  A copy of the insurance policy; and
  e.  HIPAA Authorization.

Upon completion of your investigation, please forward the amount due to the beneficiary and carbon copy my office on the forwarding letter. If you have questions, please contact me.

Very truly yours,

JACOBS & BARBONE, P.A.

Michael F. Myers

cc:  Dr. James Michael Kauffman





Transamerica Life Insurance Company
4333 Edgewood Road NE
Cedar Rapids, IA 52499

August 8, 2012

JACOBS & BARBONE PA
1125 PACIFIC AVE
ATLANTIC CITY NJ 08401

Insured: April Kauffman
Policy/Certificate Number: 42473574, 41765743
Claim Number: 205110297520/21

Dear Mr. Myers:

Thank you for your recent submission of claim paperwork regarding the above referenced policy.

In order to proceed with claim handling, please provide a complete copy of the police report and any additional documents/reports regarding the manner of death.

A self addressed envelope is enclosed for your convenience. If we can be of any assistance, please contact us at 800-598-4626.

Sincerely,

Carrie Schulte
Claims Department

cc:     10003

Enclosure(s):Return Envelope

42473574

an ÆGON® company

Transamerica Life _____.
4333 Edgewood Road NE
Cedar Rapids, IA 52499



# TRANSAMERICA
## LIFE INSURANCE COMPANY

March 5, 2013

JACOBS & BARBONE PA
RE: APRIL KAUFFMAN
1125 PACIFIC AVE
ATLANTIC CITY, NJ 08401

Insured: April Kauffman
Policies/Certificate Numbers: 42473574 & 41765743
Claim Numbers: 205110297520 & 205110297521

Dear Mr. Myers:

This is a follow up to our previous correspondence of 08/08/2012 regarding the requirements necessary for filing a claim.

A review of our file indicates we have not received the requirements needed.

To process this claim we still require:
- Complete copy of the police report and any additional documents/reports regarding the manner of death.

If you have recently sent us the requested information, please disregard this letter. If not, please let us know when we may expect to receive the requirements.

Your insurance agent may have previously been working directly with you to obtain requirements for this claim. If this is the case, please feel free to provide the required documents to your agent or you may send them directly to our office for processing.

If you have any questions, please contact our office at 800-598-4626.

Sincerely,

LF
Claims Examiner
Claims Department

cc:    10003

Enclosure(s):Return Envelope



42473574 & 41765743

4/17/13                                         XFINITY Connect

## XFINITY Connect

jacobsbarbone@comcast.net

± Font Size ±

---

**From :** Chris Gehrls <Chris.Gehrls@Transamerica.com>        Wed, Apr 17, 2013 11:14 AM

**Subject :** <No Subject>                                        📎3 attachments

**To :** jacobsbarbone@comcast.net

Here are the two specimen policies you asked for. In discussing this matter with other colleagues I discovered that our company requesting a copy of the complete police report for a homicide is pursuant with state laws. It is not something that will be in the contract(s).

Thanks,

**Chris Gehrls – ACS, ALMI, FLMI**
**Senior Claims Examiner**
**319-355-4825**



---

 **image001.jpg**
3 KB

 **NJ ROP.PDF**
2 MB

**NJ TS30 30836298.pdf**
2 MB

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| | |
|---|---|
| **FOR USE BY CLERK'S OFFICE ONLY** | |
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

ATTORNEY / PRO SE NAME
Michael F. Myers, Esquire

TELEPHONE NUMBER
(609)348-1125

COUNTY OF VENUE
Atlantic

FIRM NAME (if applicable)
Jacobs & Barbone, P.A.

RECEIVED and FILED
JUN 26 2013
ATLANTIC COUNTY
LAW DIVISION

OFFICE ADDRESS
1125 Pacific Avenue
Atlantic City, N.J. 08401

DOCKET NUMBER (when available)
L 3404-13

DOCUMENT TYPE
Complaint

NAME OF PARTY (e.g., John Doe, Plaintiff)
Dr. James Michael Kauffman,
Plaintiff

CAPTION
Dr. James Michael Kauffman v. Transamerica Life Insurance
Company, et al.

JURY DEMAND   ☐ YES   ■ No

CASE TYPE NUMBER (See reverse side for listing)
505

IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW
REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes   ■ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes   ■ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)
☐ NONE
■ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR
RECURRENT RELATIONSHIP?
☐ Yes   ■ No

IF YES, IS THAT RELATIONSHIP:
☐ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ Yes   ■ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ Yes   ■ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 05-07-2012, CN 10517-English



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV -  Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285   STRYKER TRIDENT HIP IMPLANTS
288   PRUDENTIAL TORT LITIGATION
289   REGLAN
290   POMPTON LAKES ENVIRONMENTAL LITIGATION

291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION
295   ALLODERM REGENERATIVE TISSUE MATRIX
623   PROPECIA

**Mass Tort (Track IV)**
266   HORMONE REPLACEMENT THERAPY (HRT)
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
278   ZOMETA/AREDIA
279   GADOLINIUM

281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
284   NUVARING
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
601   ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**      ☐ **Title 59**

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY      NJ 08401

COURT TELEPHONE NO. (609) 345-6700
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:    JUNE 28, 2013
RE:      KAUFFMAN DR JAMES MICHAEL V TRANSAMERICA LIFE INS
DOCKET: ATL L -003404 13

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 1.

DISCOVERY IS    150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

AT:  CONTACT TEAM     002
(609) 594-3375.

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:
(609) 594-3375.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                ATTENTION:
                         ATT: MICHAEL F. MYERS
                         JACOBS & BARBONE
                         1125 PACIFIC AVE
                         ATLANTIC CITY      NJ 08401

JTSRO



RECEIVED
JUL 0 3 2013