**D'ARCY JOHNSON DAY, P.C.**
Patrick T. D'Arcy, Esq. (ID # 036251988)
3120 Fire Rd., Suite 100
Egg Harbor Township, NJ 08234
609.641.6200
*Attorneys for Third-Party Defendant / Crossclaim Plaintiff Kimberly Pack*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| JAMES MICHAEL KAUFFMAN,<br><br>    Plaintiff / Crossclaim Defendant<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, as successor-by-merger with TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br><br>    Defendant/ Third-Party Plaintiff,<br><br>v.<br><br>KIMBERLY PACK,<br><br>    Third-Party Defendant / Crossclaim Plaintiff | Judge Robert B. Kugler<br>Magistrate Judge Karen M. Williams<br><br>Civil Action No. 1:13-cv-04958-RBK-KMW<br><br>**ANSWER OF THIRD-PARTY DEFENDANT KIMBERLY PACK AND CROSSCLAIM AGAINST PLAINTIFF JAMES MICHAEL KAUFFMAN**<br><br>**JURY TRIAL DEMANDED** |

Third-Party Defendant / Crossclaim Plaintiff, Kimberly Pack, through her undersigned counsel, hereby responds to Defendant / Third-Party Plaintiff Transamerica Life Insurance Company's Third-Party Complaint for Interpleader Relief as follows:

## ANSWER TO COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER RELIEF

1. Transamerica is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 4333 Edgewood Road NE, Cedar Rapids, Iowa, 52499-0010.

**ANSWER**   Upon information and belief, admitted.

2. Plaintiff James M. Kauffman is a citizen of the state of New Jersey, and upon information and belief resides at 2 Woodstock Lane, Linwood, New Jersey 08221.

**ANSWER**   Upon information and belief, admitted.

3. Third Party Defendant Kimberly Pack is a citizen of the state of New Jersey, and upon information and belief resides at 2 Crestwood Avenue, Linwood, New Jersey 08221.

**ANSWER**   Admitted.

4. Joinder of Kimberly Pack is required because she may have an interest in the proceeds of the life insurance policies made the subject of plaintiff's complaint, and disposing of the complaint in her absence may subject Transamerica to substantial risk of incurring double, multiple or inconsistent obligations.

**ANSWER**   Admitted.

5. On or about December 23, 1999, decedent April Kaufman (formerly April Christine) submitted an application to Transamerica seeking issuance of an Individual Life Insurance Policy and identifying James M. Kauffman, fiance to the Insured, as the primary beneficiary and Kimberly Pack (formerly Kimberly Connon), daughter of the insured, as the contigent [sic] beneficiary. A true and correct copy of the application is attached hereto as **Exhibit A.**

**ANSWER**    Admitted.

6. Transamerica issued Individual Life Insurance Policy No. 41765743, with a date of issue of February 28, 2000, insuring the life of April Kauffman. A true and correct copy of the Policy is attached hereto as **Exhibit B**.

**ANSWER**    Admitted.

7. On or about May 15, 2001, decedent submitted to Transamerica a Change of Name Form changing her name on the policy from "April Christine" to "April Kauffman." A true and correct copy of the change of name form is attached hereto as **Exhibit C**.

**ANSWER**    Admitted.

8. On or about January 2, 2008, decedent April Kauffman submitted an application to Transamerica seeking issuance of an Individual Life Insurance Policy and identifying James M. Kauffman, husband to the Insured, as the primary beneficiary and the Children of the Insured Jointly or the Survivor of them, in equal shares, as the contingent beneficiaries. A true and correct copy of the application is attached hereto as **Exhibit D**.

**ANSWER**    Admitted.

-4-

9. Transamerica issued Individual Life Insurance Policy No. 42473574, with a date of issue of March 14, 2008, insuring the life of April Kauffman. A true and correct copy of the Policy is attached hereto as **Exhibit E**.

**ANSWER**   Admitted.

10. On May 10, 2012, decedent died as a result of a homicide. A copy of the decedent's death certificate is attached hereto as **Exhibit F**.

**ANSWER**   Admitted.

11. The death benefit payable as a result of decedent's death under Policy No. 41765743 is $100,000.00. See **Exhibit B**.

**ANSWER**   Admitted.

12. The death benefit payable as a result of decedent's death under Policy No. 42473574 is $500,000.00. See **Exhibit E**.

**ANSWER**   Admitted.

13. The death benefits are now due and payable under Policy 41765743 and 42473574 on account of the death of decedent.

**ANSWER**   Admitted subject to resolution of Third-Party Defendant Kimberly Pack's Crossclaim Against Plaintiff James Kauffman.

14. On or about July 30, 2012, Transamerica received from plaintiff's counsel, a letter demanding payment of the death benefit under Policy 41765743 and 42473574, along with various enclosures in support of the claim. A true and correct copy of the Claim is attached hereto as **Exhibit G**.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, but admits Exhibit G is consistent with the allegation set forth above.

15. On or about August 8, 2012, Transamerica informed plaintiff's counsel that in order to proceed with the claim, Transamerica required a complete copy of the police report and any additional documents and/or reports regarding the manner of death. A true and correct copy of the letter is attached hereto as **Exhibit H**.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, but admits Exhibit H is consistent with the allegation set forth above.

16. On or about October 1, 2012, Transamerica informed plaintiff's counsel that a determination on the payment of death claim benefits could not be made without first determining that plaintiff had no involvement with the death of the insured, April Kauffman. A true and correct copy of the e-mail is attached hereto as **Exhibit I**.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, but admits Exhibit I is consistent with the allegation set forth above.

17. On or about March 5, 2013, Transamerica informed plaintiff's counsel again that it could not process the claim without a complete copy of the police report and any additional documents and/or reports regarding the manner of death. A true and correct copy of the letter is attached hereto as **Exhibit J**.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, but admits Exhibit J is consistent with the allegation set forth above.

18. Upon information and belief, plaintiff has been questioned by law enforcement authorities in connection with the death of April Kauffman.

**ANSWER** Admitted in part, and denied in part. Admitted, upon information and belief, that Plaintiff spoke briefly to law enforcement authorities at the scene of the crime on May 10, 2012 after April Kauffman was found murdered. Upon information and belief, Plaintiff has refused to answer any further questions or otherwise speak to law enforcement about the incident despite their requests following Plaintiff's brief conversation with law enforcement on May 10, 2012 and following Plaintiff retaining counsel; thus, Third-Party Defendant Kimberly Pack denies the allegation in part.

19. Transamerica has attempted to obtain confirmation from law enforcement authorities that plaintiff is not suspected of having any responsibility for the intentional killing of April Kauffman.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, which are therefore denied.

20. Law enforcement authorities would not confirm that plaintiff is not suspected of such responsibility.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, which are therefore denied.

21. Law enforcement authorities also would not confirm whether their investigation concerning the death of April Kauffman is complete.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, which are therefore denied. Answering further, upon information and belief, the law enforcement investigation concerning the murder of April Kauffman is active, and ongoing.

22. Transamerica, therefore is unable to determine whether plaintiff may have been responsible for the intentional killing of April Kauffman, and Transamerica is, therefore, unable to determine whether the provisions of N.J.S.A. § 3B:7-1.1 (the "Slayer Statute") might apply to disqualify plaintiff from entitlement to the benefits payable under Policy 41765743 and Policy 42473574.

**ANSWER** The allegations in this paragraph are legal conclusions and therefore no response is required. To the extent an answer may be required, Third-Party Defendant Kimberly Pack denies the allegations in the paragraph.

23. Upon information and belief, the investigation regarding April Kauffman's homicide is still ongoing.

**ANSWER** Upon information and belief, admitted.

24. Upon information and belief, Third Party Defendant Kimberly Pack, is the only child of decedent, April Kauffman.

**ANSWER** Admitted.

25. As the contingent beneficiary of Policy 41765743 and Policy 42473574, Kimberly Pack may be entitled to all or a portion of the death claim benefits available on the life of decedent April Kauffman.

**ANSWER** Admitted.

26. Because Transamerica believes multiple and conflicting claims to the benefits under Policy No. 41765743 and Policy No. 42473574 may exist, Transamerica cannot safely pay the benefits to any named beneficiary without reasonable fear of multiple and vexatious liability.

**ANSWER** Admitted in part, denied in part. Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to Transamerica's beliefs and/or conclusions of law, which are therefore denied. Answering further, Third-Party Defendant Kimberly Pack admits that by virtue of her Crossclaim against Plaintiff, there is a dispute over benefits payable under the policies.

27. Transamerica claims no title to or interest in the life insurance benefits payable under Policy No. 41765743 and Policy No. 42473574 on account of the death of April Kauffman in the total amount of $600,000.00, and Transamerica is ready and willing to pay the proceeds to the person, persons, entity or entities found by the court to be entitled to them, but Transamerica is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by of plaintiff and third party defendant.

**ANSWER**    Admitted in part, denied in part.  Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to Transamerica's beliefs and/or conclusion of law, which are therefore denied.  Answering further, Third-Party Defendant Kimberly Pack does not contest Transamerica's request to deposit the $600,000.00 with the Court, and be dismissed from the action.

28. Transamerica is ready, willing and hereby offers to deposit the proceeds of Policy No. 41765743 and Policy No. 42473574 in the amount of $600,000.00, together with accrued interest, if any, with the Court, or any person duly authorized by the court to receive them.

**ANSWER**    Third-Party Defendant Kimberly Pack incorporates by reference her response to paragraph 27 above.

29. Transamerica should not be compelled to become involved in any dispute concerning the rightful disposition of the death benefits, but rather any would-be claimants, including James Kauffman and Kimberly Pack, should be ordered to litigate among themselves without further involving Transamerica.

**ANSWER** The allegations in this paragraph are legal conclusions and therefore no response is required. To the extent an answer may be required, Third-Party Defendant Kimberly Pack denies the allegations in the paragraph. Answering further, Third-Party Defendant Kimberly Pack does not object to Transamerica being dismissed from the case as a party, but denies that Transamerica would be exempt from potential third-party discovery in the future.

30. Transamerica has filed this Counterclaim and Third Party Complaint for Interpleader Relief in order to avoid potential multiple liability and vexatious litigation.

**ANSWER** Third-Party Defendant Kimberly Pack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to Transamerica's beliefs and/or conclusion of law, which are therefore denied.

Third-Party Defendant Kimberly Pack denies that Transamerica is entitled to relief requested in Transamerica's ad damnum clause, but acknowledges the parties will be filing a Consent Order addressing the same.

## THIRD-PARTY DEFENDANT KIMBERLY PACK'S
## CROSSCLAIM AGAINST PLAINTIFF JAMES MICHAEL KAUFFMAN

Third-Party Defendant / Crossclaim Plaintiff, Kimberly Pack, through her undersigned counsel, hereby asserts a Crossclaim against Plaintiff James Michael Kauffman as follows:

1. Third-Party Defendant Kimberly Pack reasserts and realleges all prior responses to the allegations in the Third-Party Complaint as set forth above.

2. Third-Party Defendant Kimberly Pack asserts this Crossclaim in this action because the claim arises out of the transaction or occurrence that is the subject matter of the original action.

3. Plaintiff James Michael Kauffman is responsible for the intentional killing of April Kauffman on May 10, 2012.

4. In accordance with N.J.S.A. § 3B:7-1 et seq., commonly referred to as New Jersey's Slayer Statute, Plaintiff James Michael Kauffman cannot be allowed to profit or benefit, directly or indirectly, from his own wrongdoing.

5. Plaintiff James Michael Kauffman is disqualified from receiving the benefits payable under April Kauffman's life insurance policies issued by Transamerica, namely Policy 41765743 and Policy 42473574.

6. Third-Party Defendant Kimberly Pack is entitled to the benefits payable under April Kauffman's life insurance policies issued by Transamerica: Policy No. 41765743 and Policy No. 42473574.

## **DEMAND FOR RELIEF**

WHEREFORE, Third-Party Defendant / Crossclaim Plaintiff Kimberly Pack demands judgment in her favor and against Plaintiff / Crossclaim Defendant James Michael Kauffman for the following:

    a.    Directing payment of the benefits payable under April Kauffman's life insurance policies issued by Transamerica:  Policy No. 41765743 and Policy No. 42473574.

    b.    Dismissing Plaintiff James Michael Kauffman's Complaint in its entirety pursuant to N.J.S.A. § 3B:7-1 et seq.

    c.    Directing payment of interest, costs, and attorney's fees related to this matter in favor of Third-Party Defendant / Crossclaim Plaintiff Kimberly Pack.

    d.    For such other relief as this Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Third-Party Defendant / Crossclaim Plaintiff Kimberly Pack hereby demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**D'ARCY JOHNSON DAY, P.C.**

BY:   s/ Patrick T. D'Arcy
       Patrick T. D'Arcy, Esq. (ID # 036251988)
       3120 Fire Rd., Suite 100
       Egg Harbor Township, NJ 08234
       609.641.6200
       *Attorneys for Third Party Defendant / Crossclaim Plaintiff Kimberly Pack*

Dated:  January 23, 2014

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically via the Court's ECF system in compliance with Local Civil Rule 5.2 on January 23, 2014, and served upon the following via the same:

>Robert P. Lesko, Esq.
>WILSON ELSER
>200 Campus Drive
>Florham Park, NJ 07932
>robert.lesko@wilsonelser.com
>*Attorneys for Defendant / Third-Party Plaintiff*
>*Transamerica Life Insurance Company*
>
>Michael F. Myers, Esq.
>JACOBS & BARBONE PA
>1125 Pacific Avenue
>Atlantic City, NJ 08401
>jacobsbarbone@comcast.net
>*Attorneys for Plaintiff / Crossclaim Defendant*
>*Dr. James Michael Kauffman*

 s/ Patrick T. D'Arcy
Patrick T. D'Arcy, Esq. (ID # 036251988)
3120 Fire Rd., Suite 100
Egg Harbor Township, NJ 08234
609.641.6200
*Attorneys for Third Party Defendant /*
*Crossclaim Plaintiff Kimberly Pack*
